*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

Mark T. Schoenhofer, S. Ct. No. 15781
1631 E. 1st Street
Wichita, Kansas 67214
316-262-5400
Fax: 316-262-1787
Email: mydefensefirst@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARCUS MCINTOSH,**<br>　　　　**Plaintiff,**<br><br>**v.**<br><br><br>**CITY OF WICHITA, KANSAS,**<br><br>**NORMAN WILLIAMS,**<br>**Police Chief of Wichita Police**<br>**Department, in his individual capacity**<br>**and official capacity,**<br><br>**OFFICER BRIAN SAFRIS,**<br>**WPD Badge No. 1778, in his individual**<br>**capacity and his official capacity,**<br><br>　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　**Case No.:**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT</u>

**COMES NOW** the Plaintiff, Marcus McIntosh, by and through his

attorney, Mark T. Schoenhofer, and for his cause of action and claim for relief

1

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

against the defendants, alleges and states as follows:

## STATEMENT OF CLAIMS

1.   At all times relevant to the conduct set forth below, Defendant Brian
Safris was a Wichita Police Officer, acting in his official capacity and under color
of law.  Defendant (Chief) Norman Williams was the Chief of Police for the City
of Wichita, and was acting in his official capacity at all times relevant hereto.

2.   On August 15, 2013, Plaintiff was removed from a private business and
detained by Defendant Brian Safris without the requisite reasonable articulable
suspicion to support such a Fourth Amendment seizure.  Plaintiff was then
arrested by Defendant Brian Safris, without the requisite probable cause to support
such an intrusive Fourth Amendment seizure. During this police encounter,
Defendant Brian Safris cursed at Plaintiff, threatened Plaintiff and attempted to
provoke Plaintiff.  Defendant Brian Safris then removed his taser and pointed it at
Plaintiff's face.  Defendant Brian Safris then pointed the taser at Plaintiff's chest
and deployed the probes.  Defendant Brian Safris ran upon Plaintiff, struck the
Plaintiff in the face with the butt of the taser, and threw the Plaintiff to the
ground–face down in a bed of rocks.  Defendant Brian Safris then repeatedly
kicked, stomped, kneed, and baton struck the Plaintiff for approximately one

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

minute.  Defendant Brian Safris did not give the Plaintiff any verbal commands

before or during the physical beating.  Plaintiff did not refuse to comply with

Defendant Brian Safris' orders.  Plaintiff did not threaten or physically attack

Defendant Brian Safris before, during or after the beating.  Defendant Brian

Safris' use of force was excessive and inordinate, and in violation of the Fourth

Amendment's ban against unreasonable searches and seizures, and the Eighth

Amendment's ban against cruel and unusual punishment.   Defendant Brian Safris'

use of force was in violation of Wichita Police Department policy, reckless, and

grossly negligent.

   3.  On August 15, 2013, Defendant Norman Williams and the Department

knew or should have known of Defendant Brian Safris' history of angry outbursts,

threats, attacks, and unlawful violence.  Knowing the history, Chief Williams had

the authority and the duty to prevent or aid in the prevention of any other violent

and unwarranted physical attacks by Officer Safris, including his excessive and

unlawful use of force against the Plaintiff.  Chief Williams could have done so by

terminating Defendant Brian Safris' job, providing the needed "use of force" and

"anger management" training to Defendant Brian Safris, and/or by obtaining for

Defendant Brian Safris the medical or psychological diagnosis, care and treatment

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

he needed. Chief Williams not only failed in his duty, he knowingly, recklessly

and with deliberate indifference and callous disregard of Plaintiff's rights failed or

refused to terminate Defendant Brian Safris' job, to provide the "use of force" and

"anger management" training he needed, and/or to obtain for him the medical or

psychological diagnosis, care and treatment he needed.  To the extent allowed by

law under any of the claims set forth herein, defendants City of Wichita and Chief

Norman Williams are liable for the actions and omissions and failures of

Defendant Brian Safris under the doctrine of respondeat superior and/or other

doctrines of recognized law.

4.  Pursuant to 42 U.S.C. §§ 1983, 1988, the Kansas Tort Claims Act

(K.S.A. §§ 75-6101 to 75-6115), and the common law, plaintiff seeks damages

(both actual and exemplary), attorney's fees, and costs as a result of defendants'

violations of his constitutional rights and other tortious conduct.

### JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. §

1331, as one of Plaintiff's claims against defendants involves a federal question.

This court may assert supplemental jurisdiction on the state law-based claim of

negligence, battery, assault, and the tort of outrage as against Defendants.

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

6.  Defendants' actions and omissions and failures as well as the events giving rise to the claims all occurred in Wichita, Sedgwick County, Kansas. Venue is proper in this District pursuant to 28 U.S.C. §1391(a).

## PARTIES

7.  Plaintiff is a resident of Wichita, Kansas, with a legal address of: 1203 N. Hillside, Wichita, Kansas 67214.

8. Defendant City of Wichita is a municipal corporation, and may be served with process through its mayor, Carl Brewer, 1st Floor, 455 N. Main, Wichita, Kansas 67202.

9.  Defendant Norman Williams at all times relevant hereto was Chief of Police for the City of Wichita, Kansas, with a business address of: 455 N. Main, 4th Floor, Wichita, Kansas, 67202, and may be served with process at the same address.

10.  Defendant Brian Safris at all times relevant hereto acted in the official capacity of a Wichita Police Officer, and may be served with process at his home: 1433 N. Bellick St. Wichita, Kansas 67235-1534.

11.  The mayor, the city council, and city clerk's office exercise the governing powers of the city of Wichita.  At all times relevant to this action, the

*McIntosh v. City of Wichita, et al.*, Case No.:
 Complaint

mayor and city council and city clerk's office were acting within their official

capacity for the City of Wichita.

12.  On August 15, 2013, defendant Chief Norman Williams and defendant

Officer Brian Safris were employees and/or agents of the City of Wichita, and; at

all times relevant to this action, an employer/employee or principal/agent

relationship existed between defendant Chief Norman Williams and defendant

Officer Brian Safris, and the City of Wichita.  On August 15, 2013 Chief Norman

Williams was the commanding officer/supervisor of the Wichita Police

Department.   On August 15, 2013 Chief Norman Williams was responsible for the

hiring, firing, training, discipline, supervision and conduct of all Wichita police

officers, and responsible for the promulgation and enforcement of Wichita Police

Department Policies and Regulations. At all times relevant hereto, defendant Brian

Safris was an employee and subordinate of Chief Norman Williams.  At all times

relevant to this action, Chief Norman Williams acted in his official capacity for the

City of Wichita, and was himself governed by the Wichita Police Department

Policies and Regulations. At all times relevant hereto, the defendants actions,

omissions and failures took place during the scope and course of their employment,

and while defendants were acting under color of law.

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

# FACTUAL STATEMENT

13.  The Following Factual statement was served on the City of Wichita

pursuant to K.S.A. 12-105(b)(d), and is incorporated herein:

> On August 15, 2013, at 1:02 p.m., Wichita Police Officer
> Brian Safris, WPD Badge No. 1778, was "working
> traffic enforcement" in the Old Town area.  Off. Safris
> saw a classic 1969 red Camaro pull into parking lot north
> of Joe's Old Town Bar and Grill, 222 N. Washington,
> Wichita, Kansas.  Safris was parked in front of Joe's,
> writing a citation to another motorist, when he saw the
> Camaro back into a handicap parking stall.  Safris saw a
> "light skin black male" wearing a blue shirt (later
> identified as Marcus McIntosh) exit the Camaro, and
> enter Joe's.

> Mr. McIntosh's girlfriend's grandfather, Danny
> Chapman, was a partial owner of Joe's Bar and Grill.
> Mr. Chapman is handicap, and has both a state issued
> handicap identification card, and a permanent handicap
> placard.  When Mr. Chapman visits Joe's, he parks in the
> handicap stall where Mr. McIntosh parked the Camaro
> that day.  McIntosh had made plans with Mr. Chapman
> to switch cars that day.  McIntosh had just completed
> work on Mr. Chapman's Camaro, and was going to work
> on another one of Chapman's classic vehicles.  McIntosh
> agreed to meet Chapman at Joe's.  McIntosh parked the
> Camaro in the handicap stall for Chapman, and while
> waiting on Chapman to arrive, McIntosh went inside the
> bar and grill to help paint part of the interior.

> After completing the traffic stop on Washington, Officer
> Safris pulled into parking lot and positioned his vehicle

7

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

in front of the Camaro.  Safris' dashcam video recorder
was operating and recorded the encounter between Safris
and McIntosh.  Safris did not initiate the audio portion of
the dashcam recorder.  Safris walked up to the Camaro to
look for a handicap placard and for a handicap tag on the
Camaro.  Safris did not see either.  Safris understood that
a parking ordinance violation had occurred.  Safris was
obligated as a law enforcement officer to issue a parking
ticket.

Wichita City Ordinance 11.52.020(25)(a)(I) regulates
handicap or disabled parking.  The ordinance provides:
"It is unlawful, except when necessary to avoid conflict
with other traffic or in obedience to traffic regulations or
the directions of traffic control devices or a police
officer:

"For any person or operator to stop or park a vehicle, as
defined in K.S.A. 8-126 and amendments thereto, in any
parking space designated as handicapped or disabled
parking without having on their person a current and
valid individual identification card, or state or county
receipt for a temporary placard, and properly displaying
a current and valid special license plate, permanent
placard, disabled veteran license plate, or temporary
placard issued pursuant to K.S.A. 8-161 or K.S.A. 8-
1,125, and amendments thereto, and such vehicle is
actually being operated by or used for the transportation
of a disabled person or disabled veteran."

The penalty for a 11.52.020(25)(a)(I) violation is set
forth in subsection (c) of the same ordinance: "Violation
of subsections (25)(a) or (250(b) of this section is a
misdemeanor punishable by a fine of not less than one
hundred dollars."  In other words, parking in violation of

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

the ordinance is not an arrestable offense.

When seeing that the Camaro was bearing neither a
handicap placard nor a handicap license tag, Officer
Safris did not write a ticket.  Rather, he entered Joe's,
and asked for the black male wearing a blue shirt.  When
Mr. McIntosh walked from the kitchen to the dining
area, Safris told him to step outside with him.  McIntosh,
Safris and the bar manager stepped outside.  Safris
turned to the bar manager and told him to go back into
the club.

Safris asked McIntosh for his driver's license, and
McIntosh complied.  Safris asked McIntosh if he owned
the car.  McIntosh replied, "no, its my grandpa's".  Safris
asked McIntosh if he had a handicap placard, and
McIntosh said the vehicle did have such a placard.
Safris asked McIntosh if he was handicapped, and
McIntosh replied "no, but my children are. I have kidney
failure"  McIntosh was allowed to enter the Camaro to
look for a handicap placard.  After searching the glove
box, McIntosh told Safris that he could not find a
placard.  Safris asked McIntosh to see his children's
handicap identification cards.  McIntosh handed it to
Safris.  Safris then asked McIntosh "why are you trying
to use your son's Id to park in a handicap spot?"
McIntosh reached towards the handicap card, and Safris
yelled: "don't touch me."  Safris then bowed his chest
and took a step towards McIntosh.  McIntosh replied: "I
didn't.  Just give me a ticket." Safris replied: "fuck you,
I'll kick your ass."  Safris can be seen in the video
pointing his finger in a forceful manner. McIntosh said
"fuck you, pussy, you can't talk to me that way."
McIntosh stepped back when making this statement.

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

Safris removed his taser, pointed it at McIntosh' face and took a step closer to McIntosh. McIntosh leaned back and away to avoid being shot in his eyes. Safris then repositioned himself in front of McIntosh, pointed the taser at McIntosh's chest and fired it. Up to this point and at all other times, McIntosh neither threatened Safris, nor physically touched Safris.

After being struck with the laser, McIntosh pulled the prongs from his chest. Safris ran up to McIntosh and struck him in his face with the butt of the taser. Safris then threw McIntosh to the ground and repeatedly kicked and stomped him. During the beating, McIntosh lied on the ground, face down, with his hands out to the side, yelling "I'm not resisting." Safris can be seen in the video holding the rail of a fence for support, as he continued to kick, punch, strike and stomp McIntosh.

Safris' father, E. Dean Safris, was riding with Safris that day. E. Dean Safris ran up to assist his son when seeing the beating. Noticing that there was no threat to Officer Safris, E. Dean Safris can be seen in the video placing his hands on his hips and idly watching.

After approximately 40 seconds of Safris' punches, kicks and stomps, McIntosh feared he was going to be killed. McIntosh attempted to escape, and can be seen on the video recording moving east along the fence. Safris continued to punch McIntosh. Safris removed his night stick as McIntosh fell back to the ground. Safris struck McIntosh with the night stick. Safris then held McIntosh as another officer ran up to assist him. Safris can be seen kicking McIntosh one more time on the video recording. The beating lasted a little longer than 60 seconds.

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

14.  McIntosh was later handcuffed by a female police officer.  McIntosh was jailed on the following charges: parking offense, battery LEO, Assault, and interfere with law enforcement duty.  At a bench trial on these charges, Mr. McIntosh was found not guilty of every offense, but for the parking violation.

15.  Defendant Norman Williams knew or should have known that defendant Brian Safris had had previous outbursts of anger, and had committed unwarranted physical attacks and acts of aggression on individuals both in his official capacity as well as in his personal life. Defendant Norman Williams had the authority and the duty to prevent or aid in the prevention of any other violent and unwarranted physical attacks by Officer Safris, including his excessive and unlawful use of force against the Plaintiff.  Defendant Norman Williams could have done so by terminating Defendant Brian Safris' job, providing "use of force" and "anger management" training to Defendant Brian Safris, and/or by obtaining for Defendant Brian Safris the medical or psychological diagnosis, care and treatment he needed. Defendant Norman Williams not only failed in his duty, he knowingly, recklessly and with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to terminate Defendant Brian Safris' job, to provide the "use of force" and "anger management" training he needed, and/or to

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

obtain for him the medical or psychological diagnosis, care and treatment he

needed.  To the extent allowed by law under any of the claims set forth herein,

defendants City of Wichita and Chief Norman Williams are liable for the actions

and omissions and failures of Defendant Brian Safris under the doctrine of

respondeat superior and/or other doctrines of recognized law.

## NEGLIGENCE

16.  Proper notice pursuant to K.S.A. §12-105(b)(d) was served on City

Clerk Karen Sublett, and Mayor Carl Brewer on December 13, 2013. More than

120 days has passed since the filing of the claim.  Pursuant to the directions of

K.S.A. §12-105(b)(d), an action against the City of Wichita, Chief Norman

Williams and Officer Brian Safris may now be brought.

17.  The City of Wichita is negligent in the following ways:

A.  The City of Wichita is negligent for retaining Defendant Norman

Williams as Chief of the Wichita Police Department, when Defendant Norman

Williams knew of Defendant Brian Safris' history of angry outbursts, attacks, and

violence, and took no remedial action to prevent future angry outbursts, attacks

and violence.  Such inaction was a tacit approval and sanctioning of Defendant

Brian Safris' unreasonable, excessive and indiscriminate use of force and violation

12

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

of policies and procedures during the course of his employment as a police officer.

B.  The City of Wichita is liable for the actions and omissions and failures

of both Defendant Norman Williams and Defendant Brian Safris under the

doctrine of respondeat superior and/or other doctrines of recognized law.

18.  Defendant Chief Norman Williams is negligent in the following ways:

A.  For the negligent hiring and retention of Defendant Brian Safris.

Defendant Norman Williams and the Department knew on August 15, 2013 of

Safris' history of angry outbursts, attacks, and violence.  Defendant Norman

Williams had the power and the duty to prevent or aid in the prevention of any

other violent and unwarranted physical attacks by Defendant Brian Safris,

including his excessive and unlawful use of force against Plaintiff.  Defendant

Norman Williams could have done so by terminating Safris' job, providing the

"use of force" and "anger management" training he needed, and/or by obtaining

for Defendant Brian Safris the medical or psychological care and treatment he

needed.  Defendant Norman Williams not only failed in his duty, he knowingly,

recklessly and with deliberate indifference and callous disregard of Plaintiff's

rights failed or refused to terminate Defendant Brian Safris' job, to provide the

"use of force" and "anger management" training he needed, and/or to obtain for

13

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

Defendant Brian Safris the medical or psychological care and treatment he needed.

Defendant Norman Williams' inaction was a tacit approval and sanctioning of

Defendant Brian Safris' unreasonable, excessive and indiscriminate use of force

and violation of policies and procedures during the course of his employment as a

police officer.  Defendant Norman Williams promoted Defendant Brian Safris to

the position of detective following this incident.

B.  For failing to properly educate, train, discipline, and supervise

Defendant Brian Safris, specifically related to:  Use of force and Anger

Management.

C.  Chief Norman Williams is also vicariously liable for the negligence of

Defendant Brian Safris, under the theory of Respondeat Superior.

19.  Defendant Brian Safris is negligent in the following ways:

A.  Defendant Brian Safris unreasonably seized, detained, and arrested

Plaintiff against Wichita Police Department Policy and Fourth Amendment

strictures.

B.  Defendant Brian Safris violated Wichita Police Department Policy and

the Fourth Amendment prohibition against cruel and unusual punishment when

using excessive, indiscriminate, and inhumane use of force against Plaintiff.

14

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

20.   As a direct and proximate result of Defendants' gross and ordinary negligence as set forth above, Plaintiff suffered significant and permanent physical injuries, including lacerations to face, permanent scarring, lacerations to arms, injuries to the low, middle and upper back, laceration and other injuries to head, a concussion; mental injuries, including anxiety, and post traumatic stress disorder; pain and suffering, scarring and disfigurement, emotional distress, medical bills, all to the damage of Plaintiff.

## INTENTIONAL TORTS OF OFFICER SAFRIS

21.   **Battery.**  Defendant Brian Safris' use of physical force as against Plaintiff was an unlawful and unprivileged striking, done with the intent of bringing about a contact that was both harmful and offensive. There was no legal justification for the actions of Defendant Brian Safris.

22.   **Assault.**  Defendant Brian Safris' actions when pointing the taser at Plaintiff's face was an intentional threat or attempt, coupled with apparent ability, to do bodily harm to Plaintiff, which  resulted in immediate apprehension of bodily harm.

23.   **Tort of Outrage, i.e., Intentional Infliction of Emotional Distress**. The conduct of Defendant Brian Safris, when using his taser, punching, kicking,

15

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

stomping, kneeing, and beating Plaintiff with a baton was unlawful, intentional,

and done in reckless disregard of the plaintiff's life and well being.  Defendant

Brian Safris' conduct was extreme and outrageous.  The Plaintiff suffers mental

distress because of the actions of Defendant Brian Safris, and there is a causal

connection between Defendant Brian Safris' conduct and the Plaintiff's mental

distress.  Plaintiff believed that Defendant Brian Safris was going to kill him. The

beating including repeated stomping to the back of McIntosh's head, kicks to his

body, and punches to the face for nothing more than a parking violation.   Finally,

the Plaintiff's mental distress is extreme and severe.

    24.  As a direct and proximate result of Brian Safris' intentional tortious

conduct, as set forth above, Plaintiff suffered significant and permanent physical

injuries, including lacerations to face, permanent scarring, lacerations to arms,

injuries to the low, middle and upper back, laceration and other injuries to head, a

concussion; mental injuries, including anxiety, and post traumatic stress disorder;

pain and suffering, scarring and disfigurement, emotional distress, medical bills,

all to the damage of Plaintiff.

## 42 U.S.C. §1983 CLAIM

    25.  **Knowledge of Misconduct**.   Defendants City of Wichita and Norman

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

Williams had knowledge or, if they had diligently exercised their duties to hire,

fire, discipline, train, and supervise on a continuing basis, they could have had

knowledge that the wrongs alleged herein would be committed.

26. **Deliberate Indifference**.  Defendant Norman Williams  participated in

the creation and allowance of a custom/policy/practice/culture of unreasonable,

angry, excessive, and indiscriminate use of force by Brian Safris during the course

of his job as a police officer, all as described throughout this pleading. Prior to

August 15, 2013,  Defendant Norman Williams, the Professional Standards Unit of

the Wichita Police Department, and Defendant Brian Safris' immediate

supervisors all knew of Defendant Brian Safris' history of angry, violent, unlawful

and unreasonable outbursts, attacks, and threats against others during the course of

his professional career and in his personal life.  These attacks resulted in physical,

mental and emotional injuries to his victims, including citizens on the street,

lawyers, other officers, and family members.  By failing to take any remedial

action, and in creating and allowing this culture of misconduct by Brian Safris

toward others, defendant Norman Williams was deliberately indifferent to a

substantial risk of harm to citizens on the street (including Plaintiff) with whom

Safris had contact during the scope of his work--a risk that he disregarded by

17

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

failing to take reasonable measures to abate it.  Defendant City of Wichita, Kansas

is likewise responsible and liable for the same actions, omissions, and failures of

defendant Norman Williams.

27.  Defendant Norman Williams had the power and responsibility to

prevent, or aid in preventing, the misconduct that took place.   He could have, and

should have, done so by reasonable diligence.  Instead, by knowingly, recklessly,

and/or with deliberate indifference and callous disregard of plaintiff's rights, they

failed to take action.

28.  Plaintiff further pleads that the various actions and omissions and

failures by Defendant Norman Williams and at the City of Wichita over the years

before the events at direct issue herein --- all as set out in detail herein ---

demonstrated that

> (a)    defendants City of Wichita and Norman Williams
>
> were aware that Brian Safris had a history of angry
>
> outbursts, attacks, and unlawful violence, resulting in
>
> unnecessary injury to others;
>
> (b)    defendants City of Wichita and Norman Williams
>
> were then and thereafter nevertheless deliberately

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

> indifferent to that risk of serious harm and thereby
>
> plaintiff's safety.

Accordingly, the City of Wichita is liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to Plaintiff, including but not limited to unlawful deprivation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures and the Eighth Amendment prohibition against cruel and unusual punishment.

29.  At all times relevant hereto, Defendant Brian Safris, while acting under color of state law, caused Plaintiff to be subjected to the deprivation of rights and privileges secured by the United States Constitution.  Specifically, Defendant Brian Safris seized, detained and arrested Plaintiff in violation of the Fourth Amendment.  Defendant Brian Safris also used unreasonable, excessive, indiscriminate and unusually cruel force in violation of the Eighth Amendment.

30.  The Plaintiff was unarmed, and non-threatening.  Plaintiff did not pose a threat to the safety of Defendant Brian Safris, himself, or any other person. Plaintiff did not resist Defendant Brian Safris or any other officer, and he did not attempt to evade Defendant Brian Safris or any other officer.  Plaintiff did not ignore the verbal commands of officers on the scene. In fact, Defendant Brian

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

Safris did not give any verbal commands to Plaintiff.  Plaintiff did not present an

immediate or otherwise unavoidable threat of death or grave bodily harm to any

officer.  Plaintiff's only violation of the law was failing to hang a handicap placard

from the rear view mirror of the car he parked in a handicap space.   Such a

parking violation results in a fine.  It is not an arrestable offense.  At no time

relevant hereto did Defendant Brian Safris recognize or know the Plaintiff as a

violent criminal.  Plaintiff did not have an active warrant, and was not "wanted"

by law enforcement.  Defendant Brian Safris did not have information that

Plaintiff was armed and dangerous.  In fact, Plaintiff was not armed or dangerous,

and has never been known as such by any law enforcement agency.  Defendant

Brian Safris  did not observe any weapons, and he did not observe any threatening

gestures before he shot the Plaintiff with a Taser and then kicked, stomped, kneed

and baton-beat him.

31.  Defendant Brian Safris knew he was not authorized to use such

unreasonable, excessive, indiscriminate and cruel force as against Plaintiff, under

the circumstances, but he did so anyway.  Defendant Brian Safris knew he did not

have probable cause to arrest Plaintiff, but he did so anyway.  Officer Safris

violated Plaintiff' Fourth Amendment right to be secure in his person against

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

unreasonable seizures, and his Eighth Amendment right against cruel and unusual

punishment.   Accordingly, Officer Safris is liable in his individual capacity under

the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to

Plaintiff, including but not limited to unlawful deprivation of Plaintiff's Fourth

Amendment right to be free from unreasonable seizures and Eighth Amendment

rights against cruel and unusual punishment.

**WHEREFORE**, and by reason of the foregoing, Plaintiff prays for a

judgment in excess of $75,000.00, for the costs of this action, attorney fees, and

for such and other and further relief as to the Court deems fair, reasonable, just

and equitable.


Respectfully Submitted,



/S/ MARK T. SCHOENHOFER
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781
Attorney for Plaintiff
1631 E. 1st Street
Wichita, Kansas 67214
(316) 262-5400
Fax: 316-262-1787

21

*McIntosh v. City of Wichita, et al.*, Case No.:
Complaint

## **REQUEST FOR TRIAL BY JURY**

Comes Now, the Plaintiffs, pursuant to applicable Kansas law, and respectfully makes request for trial by jury of twelve (12) persons on all issues herein above joined.


/S/ MARK T. SCHOENHOFER
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781


## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas as the place of trial.


/S/ MARK T. SCHOENHOFER
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781