# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARCUS MCINTOSH,

     Plaintiff,

v.

CITY OF WICHITA, KS, et al.,

     Defendants.

Case No. 14-2402-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff brings this lawsuit alleging that defendant Brian Safris used excessive force when he arrested plaintiff on August 15, 2013. Plaintiff asserts a claim under 42 U.S.C. § 1983 for alleged violations of his constitutional rights against defendants City of Wichita, Chief of Police Norman Williams, and Safris. Plaintiff also asserts negligence claims against all three defendants and battery, assault, and intentional infliction of emotional distress claims against defendant Safris. Plaintiff has designated Kansas City, Kansas as the place of trial. This matter comes before the Court on defendants' Motion to Determine Wichita as the Place for Trial (Doc. 45). For the reasons set forth below, the Court denies this motion without prejudice.

### I. Legal Standard

Under D. Kan. Rule 40.2(e), the Court is not bound by a party's designated place of trial and may determine the place of trial upon motion or in its discretion. In determining the proper place of trial, the Court "generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Lopez-Aguirre v. Bd. of Cnty. Comm'rs of Shawnee Cnty., Kan.*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014). These factors are: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of

1

witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical. *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The moving party bears the burden to establish the existing forum's inconvenience. *Id.* (citations omitted).

## II.  Analysis

### A.  Plaintiff's Choice of Forum

"Unless [the § 1404(a)] factors weigh strongly in the defendant's favor, the 'plaintiff's choice of forum should rarely be disturbed.'" *Tiffany v. City of Topeka*, No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (citations omitted). However, this factor is "largely inapplicable" if a plaintiff's choice of forum is not his "place of residence." *Menefee v. Zepick*, No. 09-1227-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *cf. Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007) (stating that "the rationale for allowing the plaintiff to dictate the forum evaporates" when the plaintiff lives outside his choice of forum); *but see Tiffany*, 2009 WL 1683515, at *1 (stating that "the factor weighs only slightly in favor of plaintiff" in such a situation). In addition to a plaintiff living outside his chosen forum, "courts have given little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" *McDermed*, 2014 WL 6819407, at *2 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

Here, plaintiff resides in Wichita, not Kansas City. (Doc. 29, at ¶ 7) In addition, the facts giving rise to the lawsuit occurred in Wichita, not Kansas City. (*Id.* at ¶¶ 13-14) Thus, plaintiff's choice of forum is "largely inapplicable" and the Court gives this factor little weight.

## B. Convenience and Accessibility of Evidence

"The relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer." *Menefee*, 2009 WL 1313236, at *2. Plaintiff's proposed forum must be "substantially inconvenient" to warrant a change in forum. *Id.* A proposed forum is substantially inconvenient if all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden. *Id*. (holding that there was an "enormous disparity in convenience between Kansas City and Wichita" because all witnesses would have to travel 200 miles from Wichita to Kansas City); *Lopez-Aguirre*, 2014 WL 853748, at *2  (granting motion to designate Topeka as the place of trial rather than Kansas City because the "great majority of witnesses" were located in Shawnee County and holding it in Kansas City would "cause much more disruption" to these witnesses); *S. Star Cent. Gas Pipeline, Inc. v. Greul*, No. 08-2115-KHV, 2008 WL 5264130, at *3 (D. Kan. Dec. 17, 2008) (refusing to transfer place of trial from Kansas City to Wichita because "the record contains no suggestion that the overwhelming majority of potential witnesses are located in or near Wichita."); *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006), *rev'd on other grounds*, 289 F. App'x 269 (10th Cir. 2008) (holding that there was an "enormous disparity in convenience between Kansas City and Wichita" when most witnesses, parties, and attorneys resided in Wichita and none resided in Kansas City); *Benson*, 2007 WL 1834010, at *3 (granting motion to designate place of trial as Wichita rather than Kansas City because "several of the witnesses, parties, and attorneys" resided in Wichita while "none reside[d] in Kansas City," and "witnesses would incur additional costs and miss work in traveling to Kansas City."); *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *1–2 (D. Kan. Apr. 19, 2007) (granting motion to determine Wichita as place of trial rather than Kansas City because "most, if not all, of the witnesses, parties, and attorneys

reside[d] in Wichita" and would have "to travel three hours each way to testify," possibly "spend[ing] the night in Kansas City if their testimony does not begin or is not completed at the close of the day.").

Here, the great majority of the witnesses reside in Wichita. Plaintiff's Rule 26(a)(1) Disclosures name 36 witnesses, 29 of whom reside in Wichita. (Doc. 46-1) One witness resides in Mulvane, twenty-five miles south of Wichita (and even farther from Kansas City). (Doc. 46 at 4) Thus, 30 of plaintiff's 36 witnesses reside in or around Wichita. Likewise, defendant's Rule 26(a)(1) Disclosures name 14 witnesses. Twelve of them reside in Wichita. (Doc. 46-2) The same Mulvane resident and another witness in Iowa are the other two witnesses. (Doc. 46 at 4) In this case then, a great majority of the witnesses reside in or near Wichita. Traveling from Wichita to Kansas City would impose a substantial burden because of the significant distance between the two cities. Moreover, the witnesses likely would miss an entire work day to testify. Thus, the evidence suggests Kansas City is likely a "substantially inconvenient" place for trial.

However, as plaintiff notes, the Court cannot effectively evaluate this factor until discovery ends and the parties exchange final witness lists. *EEOC v. Newman Univ.*, No. 05-2404-KHV, 2006 WL 23566, at *2 (D. Kan. Jan. 4, 2006); *Biglow v. Boeing Co.*, 174 F. Supp. 2d 1187, 1195 (D. Kan. 2001). The Court does not yet know how many or which witnesses the parties will call. Also, the parties may identify other witnesses who may reside closer to Kansas City through the course of discovery and may supplement their witness lists with those other individuals. Thus, the Court is inclined at this time to let the case progress through discovery and determine the proper place of trial nearer to the start of trial. As a consequence, the Court denies defendants' motion without prejudice. Defendants may refile this motion when the relevant geographical considerations emerge more fully. Nevertheless, hoping to help the parties

4

assess the remaining factors for determining the place of trial, the Court briefly discusses them below.

### C. Fair Trial

Plaintiff argues that he may not receive a fair trial in Wichita because a Wichita jury would consist of Wichita taxpayers, who are unlikely to award a large judgment against the City. However, our Court has already rejected this argument. *Boyer v. Bd. of Cnty. Comm'rs*, No. 94-4078-SAC, 1995 WL 106346, at *2 (D. Kan. Jan. 19, 1995) (stating that "plaintiff's fear that she cannot receive a fair trial in Kansas City—because the jury will possibly be comprised of a parsimonious contingent of Johnson County taxpayers—is nothing more than speculation. The court is confident that the plaintiff's concerns about 'biased' Johnson County taxpayers will be adequately addressed during voir dire of the prospective jurors."). Similarly, the Court anticipates that voir dire will alleviate plaintiff's concerns about taxpayer bias and ensure that plaintiff receives a fair trial. Thus, this factor does not weigh in favor of designating Kansas City as the place of trial.

### D. Other Factors

The Court also may consider various other factors when determining the place of trial. For instance, in *Hughes v. Blue Cross and Blue Shield of Kansas, Inc.*, our Court considered the "costs in the form of mileage, meals, and hotel expenses" incurred by holding trial in plaintiff's proposed forum. No. 12-2339 JTM, 2012 WL 3644845, at *4 (D. Kan. Aug. 24, 2012). The Court also may consider the cost of forcing medical practitioners to travel for trial testimony at the expense of time lost treating patients. *Spires*, 2006 WL 1642701, at *3. In addition, the Court may consider the potential for delay in calling witnesses. *Jones*, 2007 WL 1173053, at *2. In contrast, the convenience of counsel "is given little if any weight." *Id.* (citations omitted).

At this time, various other factors weigh in favor of holding the trial in Wichita. Even if most witnesses themselves will not bear the cost of traveling to Kansas City, as plaintiff suggests, the City of Wichita likely will bear this cost for its employee witnesses. Also, plaintiff has named four Wichita doctors as witnesses, who will not be able to treat patients on the day they testify if they are called in Kansas City. (Doc. 46-1 at ¶¶ 24-27) Holding the trial in Wichita serves to minimize any potential delays in calling witnesses. Last, the Court gives little weight to the fact that one of plaintiff's attorneys resides and practices in Kansas City.

### III. Conclusion

For the reasons explained above, the Court denies defendants' Motion to Determine Wichita as the Place for Trial without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Determine Wichita as the Place for Trial (Doc. 45) is denied without prejudice.

**IT IS SO ORDERED.**

**Dated this 14th day of April, 2015, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**